IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY COLLINS, | ) | Case No. 1:20-cv-1518 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| KEITH FOLEY, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION**[1] |

On November 2, 2004, a man kicked in the front door of Laura Hammond's house, tied her up, and raped her. On July 12, 2005, DNA testing of swabs taken from Hammond revealed a DNA profile that matched that of Larry Collins. Thirteen years later, Collins was charged with, and he later pleaded guilty to, rape, aggravated burglary, and kidnapping and was sentenced to 25 years' imprisonment.

Collins filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 (ECF Doc. 1) raising four grounds for relief:

> **Ground One:** Collins's separate sentences violated the Double Jeopardy Clause of the Fifth Amendment and Section 10, Article I of the Ohio Constitution (ECF Doc. 1 at 5; ECF Doc. 1-1 at 1-2).
>
> **Ground Two:** The trial court erred by not sentencing Collins under Am. Sub. H.B. 86, 129th Gen. Assembly (Ohio 2011), in violation of his Fifth and Sixth Amendment rights (ECF Doc. 1 at 7; ECF Doc. 1-1 at 2).

---

[1] This matter is before me by an automatic order of reference under Local Rule 72.2 for preparation of a report and recommendation pursuant to Local Rule 72.1.

**Ground Three:** The Ohio Court of Appeals and appellate counsel failed to follow the procedures outlined in Local App. R. 16(C) (2018) and the Sixth and Fourteenth Amendments, under *Anders v. California*, 368 U.S. 738 (1967) (ECF Doc. 1 at 8; ECF Doc. 1-1 at 3-4).

**Ground Four:** The trial court erred in denying Collins's motion to withdraw his guilty plea, in violation of his Fourteenth Amendment rights and Section 10, Article I of the Ohio Constitution, and trial counsel was ineffective in advising him to plead guilty (ECF Doc. 1 at 10; ECF Doc. 1-1 at 4-6).

Respondent, Warden Keith Foley, filed a return of writ.  ECF Doc. 10.  Collins then filed a motion to stay proceedings so he could exhaust his Ground Four claim in state court, which Warden Foley opposed.  ECF Doc. 11; ECF Doc. 12.  The court denied the motion to stay because there was no available procedure by which Collins could raise his Ground Four claim in state court, such that Collins's Ground claim was exhausted, albeit procedurally defaulted because it was not timely addressed in the Ohio courts.[2]  ECF Doc. 14.  The court also established a final deadline for Collins to file his traverse, which has long since passed without a traverse being filed.  ECF Doc. 14 at 8; *see* Docket for N.D. Ohio, case no. 1:20-cv-1518.

Because Collins's claims are procedurally defaulted, noncognizable, and/or lack merit, I recommend that the claims be DISMISSED and that his petition for writ of habeas corpus be DENIED.  I further recommend that Collins not be granted a certificate of appealability.

## I. State Court History

### A. Trial Court

On September 27, 2017, a Cuyahoga County, Ohio, grand jury indicted Collins, charging him with three counts of rape, four counts of aggravated burglary, and two counts of kidnapping;

---

[2] Although the court already determined that Collins's Ground Four claim is procedurally defaulted, that determination was made in the context of ruling on his motion to stay, which was not a ruling on the ultimate disposition of his Ground Four claim; thus, I provide that analysis below.

sexually violent predator, repeat violent offender, and sexual motivation specifications were attached.  ECF Doc. 10-1 at 4-15.  Collins pleaded not guilty.  ECF Doc. 10-1 at 17.

On March 2 and 13, 2018, Collins pro se filed a motion to disqualify appointed counsel and a motion under Ohio Crim. R. 44 to represent himself.  ECF Doc. 10-1 at 18, 230.  At a hearing on the motions, held March 23, 2018, Collins stated he wished to represent himself because counsel had not shared any discovery with him and refused to file motions Collins had requested.  ECF Doc. 10-1 at 230-32.  However, he stated he recently suffered a stroke, which affected his mental capacity, speech, and ability to write, so he wanted substitute counsel.  ECF Doc. 10-1 at 231-32.  After confirming Collins's requested relief, the trial court appointed new counsel, and Collins withdrew his motion to represent himself.  ECF Doc. 10-1 at 19, 235.

On June 4, 2018, Collins pleaded guilty under a negotiated plea agreement to one count of rape, one count of aggravated burglary, and one count of kidnapping with an attached sexual motivation specification; and the state agreed to seek to dismiss the remaining charges.  ECF Doc. 10-1 at 20, 236, 239, 241-43, 250-51.  Collins also agreed that the charges to which he was pleading guilty would not merge at sentencing and were not allied offenses; to be classified as a sexual predator under Megan's Law; and to be sentenced to between 3 to 10 years' imprisonment, as opposed to 3 to 11 under H.B. 86.  ECF Doc. 10-1 at 240-41, 247-48.

On June 15, 2018, Collins filed[3] an Ohio Crim. R. 32.1 motion to withdraw his guilty plea, arguing his plea was involuntary because counsel: (1) had promised him a 6-year sentence; (2) failed to inform him that the lack of merger at sentencing and pleading guilty to the sexual motivation specification would result in a 28-year to life sentence; and (3) failed to convey the

---

[3] Although the motion stated that it was filed "by and through Attorney Craig Weintraub," it is apparent that this was a pro se filing.

registration requirements for each offense classification. ECF Doc. 10-1 at 22-24. He also filed a motion to disqualify counsel. *See* ECF Doc. 10-1 at 25.

Before sentencing, the state filed a sentencing memorandum, providing the following factual background. ECF Doc. 1-2 at 49-55. On November 2, 2004, Hammond and her two-year-old son were alone at home when a stranger kicked in the front door, grabbed the knife that she used to keep the door closed, put the knife to her throat, tied her up, and raped her twice. ECF Doc. 1-2 at 50-51. Hammond went to the hospital, where she consented to a sexual assault kit examination. ECF Doc. 1-1 at 51. Subsequent testing detected a single DNA profile, which was entered into the Combined DNA Index System ("CODIS"). *Id.* On July 12, 2005, CODIS notified law enforcement that the DNA profile matched Collins. *Id.* In 2017, a DNA sample was collected from Collins for confirmation, the results of which verified that his DNA matched the profile found on swabs taken from Hammond. *Id.* During a follow-up interview, Hammond was able to recall the incident but was unable to pick Collins out of a photo line-up. *Id.*

On July 18, 2018, the trial court held a hearing on Collins's motions, at which Collins added that counsel had misrepresented the state's plea offers. ECF Doc. 10-1 at 254-56. According to Collins, counsel told him the state would remove the specifications from the indictment and made two plea offers: (1) plead guilty to one count of rape and one count of burglary with a firearm specification, despite having just said the state would remove the specification; and (2) plead guilty to one count of rape, one count of aggravated burglary, and one count of kidnapping, with no mention of a sexual motivation specification. ECF Doc. 10-1 at 256. And counsel advised him to take the second. *Id.* Collins further argued that counsel did not mention or explain merger, no one explained that the sexual motivation specification was

punishable by ten years to life imprisonment, and no one explained that the sexual motivation specification made him a sexual predator.  ECF Doc. 10-1 at 257-59.

Counsel denied ever promising a six-year sentence, stated the stipulation of no merger/allied offenses was material to the plea agreement and *was* explained to Collins, and stated Collins *was* aware of the potential for a three- to ten-year sentence for each offense.  ECF Doc. 10-1 at 264-66.  Collins responded that none of what counsel said was communicated to him before the guilty plea hearing, and counsel kept waving him away during the hearing when he tried to raise any issue.  ECF Doc. 10-1 at 268.  And although merger was discussed during the plea colloquy, Collins contended he could not remember what that meant due to the effects of his stroke.  *Id.*

The trial court denied Collins's motion, finding that the plea colloquy transcript made clear that he knew he faced separate three- to ten-year sentences for each count; he affirmed no promises of a particular sentence were made; and he agreed he would be classified a sexual offender.  ECF Doc. 10-1 at 272, 274, 280-81, 283.  The court also noted that: (1) Collins did not once claim actual innocence; (2) the rape charge by itself required the court to classify him as a sexual offender; (3) the sexual motivation specification argument was "a meaningless red herring" because the specification merely mandated a sexual offender classification which pleading guilty to rape already required; (4) he was informed of the registration requirements for a person classified as a sexual predator at the plea hearing; and (5) he had previously been charged with rape, gone to several trials, been through six plea colloquies, and entered into plea agreements.  ECF Doc. 10-1 at 271-72, 279.  The court also denied the motion to disqualify counsel.  ECF Doc. 10-1 at 25, 283.

The trial court then proceeded to sentencing.  ECF Doc. 10-1 at 283.  Collins's counsel offered in mitigation a 2006 competency evaluation made in connection with one of Collins's prior criminal cases, which determined Collins had major depression disorder, recurrent with severe psychotic features, polysubstance dependence, and personality disorder not otherwise specified with antisocial features.  ECF Doc. 10-1 at 288, 290.  The court sentenced Collins to prison terms of 10 years each on the rape and aggravated burglary counts and 5 years on the kidnapping count, all to be served consecutively, for an aggregate 25-year sentence.  ECF Doc. 10-1 at 26, 294.  In doing so, the court stated:

> Your 2006 competency evaluation, in part, diagnoses you with personality disorder.  The diagnosis states, "It is based upon the defendant demonstrating a pervasive pattern of disregard for and violation of the rights of others occurring since age of 15 years as suggested by failure to conform to social norms with respect to lawful behaviors as indicated by his juvenile and adult offense history and evidence of conduct disorder prior to age 15 years."

> There's no fix for personality disorder.  The only fix is to separate the individual with the personality disorder from those he can harm.  And that is why we build prisons.

> Mr. Collins, I am going to sentence you to consecutive time and I'm going to do so because it is necessary to protect the public.

ECF Doc. 1-1 at 293-94.

### B.    Direct Appeal

On August 17, 2018, Collins pro se filed a notice of appeal and was appointed counsel. ECF Doc. 10-1 at 69, 220.  Appointed counsel moved to withdraw and filed a brief pursuant to *Anders*, raising one potential issue for appeal: whether the trial court erred in relying on a 2006 competency evaluation to impose consecutive sentences.  ECF Doc. 10-1 at 81-93.  Counsel's motion stated Collins was served with a copy of the motion and brief and requested Collins be permitted 30 days within which to respond.  ECF Doc. 10-1 at 82.  The Ohio Court of Appeals

issued an order holding the motion in abeyance pending review and provided Collins until

January 25, 2019 to file a pro se brief.  ECF Doc. 10-1 at 97.

On January 17, 2019, Collins filed a pro se brief, seeking to raise the following four

paraphrased assignments of error:

> 1.  The trial court erred in accepting an involuntary guilty plea, in violation of the Fourteenth Amendment and Section 10, Article I of the Ohio Constitution;
>
> 2.  The trial court erred by sentencing him under S.B. 2, 121st Gen. Assembly (Ohio 1996) ("S.B. 2"), instead of H.B. 86;
>
> 3.  The trial court erred in classifying him a sexual predator without conducting an Am. Sub. H.B. 180, 121st Gen. Assembly (Ohio 1996) ("H.B. 180") hearing; and
>
> 4.  The trial court erred by imposing separate sentences for his rape and kidnapping convictions, which should have been merged under as allied offenses under Ohio Rev. Code § 2941.25.

ECF Doc. 10-1 at 100-01.  In support of his first assignment of error, Collins appeared to argue

that his guilty plea was invalidated by the trial court's failure to conduct at sentencing a merger

analysis under Ohio Rev. Code § 2941.25.  ECF Doc. 10-1 at 102-03.

In support of his second assignment of error, Collins argued that the trial court

improperly sentenced him under S.B. 2 (the law in effect at the time of the offense) and instead

should have sentenced him under H.B. 86 (the law in effect at the time of his sentencing), which

reduced the penalty for certain felony offenses and required that trial courts make certain

findings (codified under Ohio Rev. Code § 2929.14(C)(4)) before imposing consecutive

sentences.  ECF Doc. 10-1 at 104-05.  He further argued the trial court failed to make the

required statutory findings before imposing consecutive sentences.  ECF Doc. 10-1 at 105.

In support of his third assignment of error, Collins argued that the trial court failed to

hold a hearing under Ohio Rev. Code § 2950.09(B)(1)(a) (2006) before classifying him as a

sexual predator or specify in the judgment entry that he was being classified as one.  ECF Doc.

7

10-1 at 106-07.  And in support of his fourth assignment of error, Collins argued his rape and kidnapping convictions should have merged under Ohio Rev. Code § 2941.25 because the kidnapping was for the purpose of and resulted in rape.  ECF Doc. 10-1 at 107-09.

The state filed an appellee brief.  ECF Doc. 10-1 at 111-33.  On April 25, 2019, the Ohio Court of Appeals granted appellate counsel's motion and dismissed Collins's appeal.  ECF Doc. 10-1 at 134-35; *see also State v. Collins*, 2019-Ohio-1534 (Ohio Ct. App. Apr. 25, 2019).  The court recited the requirements of *Anders* and former Local App. R. 16(C) and determined that counsel complied with both.  ECF Doc. 10-1 at 137-38.  The court then concluded there were no meritorious issues and that an appeal would be wholly frivolous:

> Appellate counsel submitted a brief in support that outlined the details of Collins's plea agreement and the trial court's compliance with Crim. R. 11 during the plea colloquy.  Appellate counsel also detailed the trial court's exhaustive review of the transcript of the plea hearing because of Collins's motion to withdraw his guilty plea.  Appellate counsel noted that the trial court heard from Collins, the state, and from defense counsel before denying the motion.
>
> {¶16} Appellate counsel indicated that the trial court imposed consecutive sentences in full compliance with R.C. 2929.14(C) and incorporated its findings into the sentencing entry.  This court's own independent review indicates that the plea agreement with the state provided for Collins to plead guilty without the charges merging for sentencing purposes; that he would be classified as a sexual predator under Megan's Law; that he would face a maximum of three ten-year prison terms because he would be sentenced under Senate Bill 2, as opposed to three eleven-year prison terms under House Bill 86; that the charges as amended subjected him to a discretionary fine not to exceed $20,000 per count.  After a thorough plea colloquy from the trial court, Collins pled guilty.
>
> {¶17} In addition, our review indicates that following Collins's motion to withdraw his guilty plea, accompanied by his second motion to disqualify his second defense counsel, the trial court conducted a thorough hearing on the matter, before ultimately denying both motions.  Our review further indicates a textbook compliance with R.C. 2929.14(C) before the trial court imposed consecutive sentences.
>
> {¶18} Appellate counsel queries, as a potential issue, whether the trial court erred in its reliance on a 2006 competency evaluation as a basis for imposing

consecutive sentences.  However, our independent review reveals no suggested impact.

{¶19} The record reveals that in mitigation, defense counsel raised the issue of the 2006 competency evaluation report in the context that it determined, among other things, that Collins had a major depression disorder recurrent with severe psychotic features.  Defense counsel continued that he was only pointing this out because of Collins's significant and extensive criminal conduct.  Defense counsel stated: "I am looking at the pattern of this conduct, that there is some sort of psychosis that would drive Mr. Collins from a very early age into this type of conduct."

{¶20} Nowhere in the above exchange or elsewhere was it posited that Collins was incapable of understanding the proceedings.  Much to the contrary.  ***

{¶21} As the trial court noted … this was Collins's seventh case in the common pleas court, his sixth time going through a plea colloquy, and he was well-schooled in the system.

{¶22} Prior to imposing the consecutive sentences, the trial court briefly addressed the 2006 competency evaluation, in particular the diagnosis of a personality disorder.  The trial court then proceeded to find among other things that: [the facts of the offense placed it second in severity only to child rape; Collins previously had been charged, although acquitted, of rape; and Collins had a lengthy criminal record.]

{¶23} As previously noted, the trial court fully complied with R.C. 2929.14(C) before it imposed the consecutive sentences.  [The record] indicates that the trial court weighed many other factors in addition to the 2006 competency evaluation.  We further note, a trial court is under no obligation to provide reasons in support of the findings, only the findings themselves are required.  ***

{¶24} In his pro se brief, Collins challenges his plea as … involuntary.  As discussed above, our independent review of the record reveals that Collins stated at the plea hearing that he understood the rights he was waiving by pleading guilty and that he understood the effect of his plea.  Collins also repeats the same claims advanced in his motion to withdraw his guilty plea, such as the propriety of be[ing] classified as a sexual predator, and whether the offenses should have merged.  All these claims were fully addressed.

ECF Doc. 10-1 at 138-42.

On May 28, 2019, Collins appealed pro se to the Ohio Supreme Court.  ECF Doc. 10-1 at 143-44.  In his memorandum in support of jurisdiction, he raised three propositions of law:

[1.]  The trial court erred by convicting and separately sentencing [Collins] for rape, and kidnapping, which should have merged as allied offenses of sim[i]lar import [(ECF Doc. 10-1 at 152).]

[2.]  The trial court lacked to authority to sentence[] [Collins] under S.B. 2, and the court should have sentenced [him] under the amended sentences statute R.C. 2929.14(A) under … H.B. 86 [(ECF Doc. 10-1 at 154).]

[3.]  The [Ohio Court of Appeals] did not follow the procedures mandated by [*Anders* (ECF Doc. 10-1 at 156)].

In support of his first proposition of law, Collins argued that under Ohio law, the trial court had a duty to conduct an allied offenses analysis, but it failed to do so.  ECF Doc. 10-1 at 152-53.  He asked the Ohio Supreme Court to clarify its precedent and the Ohio merger statute, noting that the Fifth Amendment only protected against the imposition of multiple "criminal proceedings for the same offense, and then only when such occurs in successive proceedings.  [And] [w]hether multiple punishments imposed in the same proceeding are permissible is a question of legislative intent."  ECF Doc. 10-1 at 153 (citing *Hudson v. United States*, 522 U.S. 93 (1997); *Missouri v. Hunter*, 459 U.S. 359 (1983); *State v. Raber*, 134 Ohio St.3d 350 (Ohio 2012)).

In support of his second proposition of law, Collins reiterated the argument in his pro se brief to the Ohio Court of Appeals that the applicable sentencing law, under Ohio law, was the one in effect at the time of his sentence (H.B. 86) and not the one in effect at the time of the offense (S.B. 2), but not as to whether the trial court erred by not making the requisite statutory findings before imposing consecutive sentences.  ECF Doc. 10-1 at 154-55.  In support of his third proposition of law, Collins argued that the Ohio Court of Appeals, in conducting its *Anders* review, should have found that his rape and kidnapping convictions should have merged under Ohio Rev. Code § 2941.25 and that he should have been sentenced under H.B. 86.  ECF Doc. 10-1 at 149-50, 156-57.  Collins also argued appellate counsel failed to follow *Anders* by not informing Collins of his intent to file an *Anders* brief.  ECF Doc. 10-1 at 156-57.

10

On August 6, 2019, the Ohio Supreme Court declined to exercise jurisdiction.  ECF Doc. 10-1 at 172.

### C.      Motion for Leave to File Delayed Appeal

On August 19, 2019, Collins pro se filed an Ohio App. R. 5 motion for leave to file a delayed appeal.  ECF Doc. 10-1 at 28.  In a supporting affidavit, Collins asserted: (1) the trial court erred at sentencing by not discussing the pros and cons of self-representation, whether he had means to retain new counsel, or whether new, conflict-free counsel should be appointed with respect to his motion to withdraw his guilty; (2) the trial court failed to advise him he could proceed pro se and that hybrid representation would result in the motion to withdraw being stricken; (3) appellate counsel failed to raise an issue that the trial court erred in allowing him to prosecute his motion to withdraw his guilty plea pro se; and (4) he was unaware of the July 18, 2019 journal entry denying his motion to withdraw his guilty plea and was not advised of his right to appeal.  ECF Doc. 10-1 at 30-32.

On August 28, 2019, the Ohio Court of Appeals entered a journal entry denying Collins's motion to file a delayed appeal.  ECF Doc. 10-1 at 62.  He did not appeal the denial to the Ohio Supreme Court.  ECF Doc. 11; Docket for Ohio Ct. App., 8th Dist. Case No. CR-17-621411.

### D.      Motion to Vacate

On February 11, 2020, Collins pro se filed a motion to vacate, arguing that: (1) the trial court failed to properly impose a post-release control term, as required under Ohio Rev. Code § 2967.28; (2) the trial court erred by not addressing at sentencing merger under Ohio Rev. Code § 2941.25 and the trial court erred by not merging his aggravated burglary and rape charges; (3) the trial court failed to conduct a hearing pursuant to H.B. 180 before classifying him a

11

sexual predator; and (4) the trial court violated due process by not sentencing him under H.B. 86. ECF Doc. 10-1 at 173-81.

On February 14, 2020, the trial court entered a journal entry summarily denying Collins's motion to vacate. ECF Doc. 10-1 at 212. Collins did not appeal that decision. ECF Doc. 10 at 6; Docket for Ohio Ct. App., 8th Dist. Case No. CR-17-621411.

## II.     Law & Analysis

### A.     Ground One: Double Jeopardy

#### 1.     Parties' Arguments

In his Ground One claim, Collins contends, without elaboration, that the trial court erred by imposing consecutive sentences on all three of his convictions, in violation of the Double Jeopardy Clause of the Fifth Amendment and Section 10, Article 1 of the Ohio Constitution. ECF Doc. 1 at 5. In his supporting memorandum, Collins argues the trial court violated Ohio's merger statute by not evaluating whether his convictions should have merged. ECF Doc. 1-1 at 2.

Warden Foley responds that Collins's Ground One claim is procedurally defaulted because the claim is barred under Ohio's invited error doctrine as a result of his agreement that his would not be merged. ECF Doc. 10 at 13-14. Warden Foley also argues that the claim is procedurally defaulted because Collins failed to fairly present the claim in the Ohio courts as a federal constitutional claim. ECF Doc. 10 at 14-16. Alternatively, Warden Foley argues Collins's Ground One claim is noncognizable because it only concerns the interpretation and application of state law questions under Ohio's sentencing laws. ECF Doc. 10 at 21-22.

### 1.    Procedural Default

#### a.    Law

Procedural default – a bar to federal habeas review of the defaulted claim – can occur when the petitioner fails to fairly present the claim to the state courts while state court remedies were still available.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  A claim is fairly presented when it has been asserted – as a federal constitutional issue – at every stage of the state court review process.  *Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281, 285 (6th Cir. 2010); *Williams*, 460 F.3d at 806.  The fair-presentment requirement can be satisfied in one of four ways:

> (1) reliance upon federal cases employing constitutional analysis;

> (2) reliance upon state cases employing federal constitutional analysis;

> (3) phrasing the claim in terms of [federal] constitutional law or in terms sufficiently particular to allege [the] denial of a specific [federal] constitutional right; or

> (4) alleging facts well within the mainstream of [federal] constitutional law.

*Beach v. Moore*, 343 F. App'x 7, 10 (6th Cir. 2009) (quotation marks omitted).

Procedural default can also occur when the state court never reviewed the petitioner's claim due to the petitioner's failure to comply with a state procedure rule.  *Williams*, 460 F.3d at 806.  A claim can be procedural defaulted in this way if: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the state court actually enforced the rule; (3) the rule constituted an "adequate and independent state ground;" and (4) the petitioner cannot overcome his procedural default through cause and prejudice. *Coleman v. Mitchell*, 268 F.3d 417, 427 (6th Cir. 2001).

13

2. **Analysis**

   a. **Establishing Procedural Default**

I agree with Warden Foley that Collins's Ground One claim is procedurally defaulted, but not for the same reasons. Collins's Ground One claim is a blanket challenge to the imposition of all separate sentences in his case, but on appeal to the Ohio Court of Appeals and the Ohio Supreme Court, he only challenged the imposition of separate sentences as to his kidnapping and rape convictions. ECF Doc. 10-1 at 107-09, 146-58. He did raise a challenge to the imposition of a separate sentence on his aggravated burglary charge in his motion to vacate, but he did not appeal the denial of that decision. ECF Doc. 10-1 at 174-78. Both omissions constitute a failure to raise the portion of the Ground One claim relating to Collins's aggravated burglary conviction at each and every state of Ohio's review process, resulting in a procedural default. *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009).

The same is not true with regard to Collins's challenge to the imposition of separate punishments for his kidnapping and rape convictions. Although he did not frame the issue as a Fifth Amendment double jeopardy violation until his appeal to the Ohio Supreme Court, he did raise it in terms of whether the offenses should have merged under Ohio Rev. Code § 2941.25 and related caselaw. ECF Doc. 10-1 at 107-09, 146-58. This court has held that raising an allied offense claim under § 2941.25 is the substantive equivalent of raising a double jeopardy claim. *Jackson v. Smith*, No. 5:09 CV 1467, 2011 U.S. Dist. LEXIS 106362, at *33-34 (N.D. Ohio Sept. 21, 2011); *McKitrick v. Jeffries*, No. 3:05 CV 637, 2006 U.S. Dist. LEXIS 29472, at *6-10 (N.D. May 10, 2006); *see also, e.g.*, *Moten v. Cook*, No. 3:19-cv-267, 2019 U.S. Dist. LEXIS 187872, at *1-2 (S.D. Ohio Oct. 29, 2019) ("[W]hen a habeas petitioner has presented his Double Jeopardy claim to the state courts solely in terms of Ohio Revised Code § 2941.25, he will not be

deemed to have procedurally defaulted the Double Jeopardy claim because making a claim in terms of Ohio Revised Code § 2941.25 'fairly presents' the Double Jeopardy issue."); *Whipple v. Warden*, S. Corr. Facility, No. 1:14-cv-119, 2014 U.S. Dist. LEXIS 141843, at *33 (S.D. Ohio Oct. 6, 2014); *Brown v. Warden, Warren Corr. Inst*., No. 1:12-cv-644, 2014 U.S. Dist. LEXIS 14157, at *4 (S.D. Ohio Feb. 5, 2014).

Nevertheless, the portion of Collins's Ground One claim relating to the alleged double jeopardy arising from separate sentences for his kidnapping and rape convictions is procedurally defaulted because the Ohio Court of Appeals applied a state procedural rule to forego reviewing the merits of the claim.  The Ohio Court of Appeals acknowledged Collins's argument that his offenses should have merged but said only: "All these claims were fully addressed."  ECF Doc. 10-1 at 141-42.  But nowhere else in the court's opinion did it address whether the offenses should have merged.  ECF Doc. 10-1 at 134-42.  When no rationale is given for why a claim was rejected, it is ordinarily presumed that the state court did so on the merits "in the absence of any indication of state-law procedural principles to the contrary."  *Harrington v. Richter*, 562 U.S. 86, 99 (2011).  But the presumption may be overcome "when there is reason to think some other explanation for the state court's decision is more likely."  *Id.* at 99-100.  Factors relevant to assessing the likely reasons for the state court's decision include the language used by the court and the context of that discussion when the decision is read as a whole, and the parties' briefing to the state court.  *See Stermer v. Warren*, 959 F.3d 704, 723 (6th Cir. 2020); *Bacall v. Stoddard*, No. 2:14-cv-13442, 2016 U.S. Dist. LEXIS 153185, at *32-33 (E.D. Mich. Nov. 4, 2016).

Taken in context, the more likely explanation for the Ohio Court of Appeals' rejection of Collins's Ground One claim is procedural default.  The state court noted that merger was discussed during the guilty plea hearing, which it determined to be knowing and voluntary.  ECF

Doc. 10-1 at 136, 141-42. The state had argued to the court that Collins's Ground One claim had been waived by the guilty plea or, alternatively, was subject to – and failed under – plain error review by his failure to object to merger at sentencing. ECF Doc. 10-1 at 131-33. Given that the state court did not discuss the merits of Collins's Ground One claim, the more likely reason for rejecting it – reading the decision in context with the parties' briefs – is that the court agreed with the state that Collins had waived the claim – either by agreeing to the sentence in his plea agreement or by failing to raise the issue at sentencing. *See Stermer*, 959 F.3d at 723; *Bacall*, No. 2:14-cv-13442, 2016 U.S. Dist. LEXIS 153185, at *32-33. Thus, I conclude that that the Ohio Court of Appeals applied a state procedural rule to forego merits review of his claim: (1) the protections of Ohio Rev. Code § 2941.25 were waived by his stipulation that the kidnapping and rape convictions were not allied offenses; and (2) he violated Ohio's contemporaneous-objection rule. *State v. Rogers*, 143 Ohio St. 3d 385, 391 (Ohio 2015); ECF Doc. 10-1 at 240.

Waiver by stipulation in a plea agreement has not been determined to be an adequate ground upon which to find procedural default. To be adequate, the state rule must be firmly established and regularly followed. *Scott v. Mitchell*, 209 F.3d 854, 868 (6th Cir. 2000). The rule was firmly established at the time of Collins's criminal proceedings. *Rogers*, 143 Ohio St. 3d at 391; *State v. Underwood*, 124 Ohio St. 3d 365, 371 (Ohio 2010). And it was regularly followed. *E.g.*, *State v. May*, 2018-Ohio-2996, ¶8 (Ohio Ct. App. July 30, 2018); *State v. Johnson*, 2018-Ohio-102, ¶11 (Ohio Ct. App. Jan. 11, 2018); *State v. Hamlin*, 2016-Ohio-1196, ¶¶9-10 (Ohio Ct. App. Mar. 23, 2016); *State v. Bryant*, 2014-Ohio-4661, ¶¶8-13 (Ohio Ct. App. Oct. 15, 2014). I conclude that Ohio's waiver of merger by stipulation is an adequate state procedural rule. And Ohio's contemporaneous-objection rule has already been determined to be

an adequate and independent state ground. *Wogenstahl v. Mitchell*, 668 F.3d 307, 335 (6th Cir. 2012). Thus, Collins's Ground One claim is procedurally defaulted as to all of his convictions.

**b.** **Overcoming Procedural Default**

A procedural default can be excused if the habeas petitioner establishes that some cause beyond his control prevented him from complying with state procedural requirements and that he would suffer prejudice if a meritorious claim were not reviewed on the merits. *Coleman*, 501 U.S. at 750, 753-54. Collins has not established cause to overcome his procedural default. He has not attempted to establish cause for not appealing the denial of the portion of his Ground One claim that deals with the failure to merge the sentence for his aggravated burglary conviction to the Ohio Court of Appeals. Nor has he attempted to establish cause for not objecting in the trial court to the imposition of separate sentences on his kidnapping and rape convictions. Thus, Collins has failed to meet his burden of showing cause to overcome procedural default. *Hinkle v. Randle*, 271 F.3d 239, 245 (2001) ("Petitioner has the burden of showing cause and prejudice to overcome a procedural default."). And failure to establish cause makes it unnecessary to consider prejudice. *Matthews v. Ishee*, 486 F.3d 883, 891 (6th Cir. 2007).

Collins could attempt to overcome his procedural default under the fundamental-miscarriage-of-justice exception. *Coleman*, 501 U.S. at 750. But he would have to show that there is new, reliable evidence establishing that he was actually innocent of the offense. *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). It means evidence in light of which no reasonable juror could convict the petitioner. *Schlup*, 513 U.S. at 329. Collins has not disputed that he committed the offense. Rather, in connection with his Ground Four claim, Collins asserts counsel withheld evidence of the police report's description of the assailant, Hammond's identification of a suspect

17

named Terrance Smith, and that the condom found at the scene was from a vacated residence, depriving him of a voluntary plea. ECF Doc. 10-1 at 6. But this is not evidence in light of which no reasonable juror could have convicted Collins, given that *his* DNA was found in the materials of Hammond's sexual assault kit (with a likelihood of 1 in 1 trillion that another individual had the same DNA profile). ECF Doc. 1-2 at 51. And the evidence is not new, given that Collins's statement at sentencing that he was aware of these facts and had read the police report before he plead guilty. ECF Doc. 10-1 at 266-70. Thus, Collins has not met his burden to show that his procedural default of his Ground One claim should be excused.

### 3.  Cognizability

Even if the Court were to find that Collins's Ground One claim was not procedurally defaulted, I would nevertheless recommend the claim be dismissed as noncognizable. Federal habeas relief under 28 U.S.C. § 2254 is only available to state prisoners held in custody in violation of the Constitution or laws and treaties of the United States. 28 U.S.C. § 2254(a). An alleged violation of the Ohio Constitution provides no basis for federal habeas relief. *E.g.*, *Wright v. Sloan*, No. 4:18CV2141, 2021 U.S. Dist. LEXIS 82194, at *9 (N.D. Ohio Apr. 8, 2021); *Bolton v. Harris*, No. 1:18CV1164, 2021 U.S. Dist. LEXIS 93511, at *30 (N.D. Ohio Apr. 7, 2021); *Phillips v. LaRose*, No. 5:13CV0693, 2018 U.S. Dist. LEXIS 230391, at *13 (N.D. Ohio Aug. 20, 2018). Similarly, any claim that the trial court violated Ohio's merger statute by not analyzing whether his convictions merged is not cognizable on federal habeas review. *Wilcox v. Littlefield*, No. 94-3625, 1995 U.S. App. LEXIS 4724, at *5 (6th Cir. Mar. 8, 1995) ("Federal courts may not review claims that a state court failed to adhere to state statutory sentencing procedures.").

Collins's contention that the imposition of separate sentences violated the Fifth Amendment, at face value, would appear to be cognizable in a federal habeas case. 28 U.S.C.

18

§ 2254(a); *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989) ("[The Fifth Amendment] protects against multiple punishments for the same offense.").  But the Fifth Amendment "does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Culp v. Lazaroff*, No. 5:17-CV-00852, 2020 U.S. Dist. LEXIS 165470, at *24 (N.D. Ohio Aug. 19, 2020) (citing *Missouri v. Hunter*, 459 U.S. 359, 366 (1983)).  And a state court's determination that its legislature intended multiple punishments for a single criminal incident – a determination Ohio courts make by applying Ohio Rev. Code § 2941.25 – is binding upon us.  *Lash v. Sheldon*, No. 1:19 CV 1616, 2020 U.S. Dist. LEXIS 217302, at *41 (N.D. Ohio Oct. 20, 2020) (citing *Volpe v. Trim*, 708 F.3d 688, 696-97 (6th Cir. 2013)).  In Collins's case, the trial court did just that by adopting Collins's plea agreement stipulation that his convictions were allied offenses for purposes of sentencing.  ECF Doc. 10-1 at 20, 240, 251; *see Underwood*, 124 Ohio St. 3d at 371 (allowing the parties in a criminal case to stipulate in the plea agreement that the offenses were committed with separate animus, thus subjecting the defendant to more than one conviction).  Thus, even if the Ohio court erred in its application of the Ohio allied offense statute, federal habeas relief would not be available.  *Jackson v. Smith*, 745 F.3d 206, 214 (6th Cir. 2014) ("At worst, the state court incorrectly applied Ohio's allied offenses statute to determine the legislature's intent.  Habeas relief, especially when circumscribed by § 2254(d)(1), is not available for such alleged errors." (footnote omitted)).

### 4.    Ground One Summary

Because the Ohio Court of Appeals determined that Collins's failure to comply with a state procedural rule precluded consideration of his claim that his kidnapping and rape convictions were allied offenses and because he failed to fairly present his challenge to his sentence on the aggravated burglary conviction, I recommend his Ground One claim be DISMISSED as procedurally defaulted.  Alternatively, I recommend the Court dismiss the

Ground One claim as noncognizable.  *Minor v. Wainwright*, No. 19-3206, 2019 U.S. App. LEXIS 39286, at *4 (6th Cir. June 6, 2019) ("The Ohio courts' handling of its allied offenses statute is not cognizable on federal habeas review."); *Culp*, No. 5:17-CV-00852, 2020 U.S. Dist. LEXIS 165470, at *23-24 (recommending dismissal as noncognizable a claim that an Ohio court's imposition of separate sentences violated double jeopardy); *Scott v. Schweitzer*, No. 1:18-CV-00485, 2020 U.S. Dist. LEXIS 156748, at *7-8 (N.D. Ohio July 8, 2020) (same).

### B.      Ground Two: Sentencing under H.B. 86

In his Ground Two claim, Collins argues that the trial court erred by not sentencing him under H.B. 86, resulting in a violation of his Fifth and Sixth Amendment rights.  ECF Doc. 1 at 7; ECF Doc. 1-2 at 2.

Warden Foley responds that Collins's Ground Two claim is procedurally defaulted because he did not present it in federal constitutional terms and instead contended that the failure to sentence him under H.B. 86 was an error of state law.  ECF Doc. 10 at 14-15.  Alternatively, Warden Foley argues the claim is noncognizable because it involves the application of state statutes, procedural rules, and caselaw.  ECF Doc. 10 at 22-23.

#### 1.      Procedural Default

I agree with Warden Foley that Collins's Ground Two claim is procedurally defaulted because it was not fairly presented to the Ohio courts as a federal constitutional claim.  Collins raised challenges to the trial court's application of S.B. 2 in his pro se brief to the Ohio Court of Appeals and memorandum in support of jurisdiction to the Ohio Supreme Court.  ECF Doc. 10-1 at 103-05, 154-55.  But he never asserted that the purported error violated any federal constitutional right.  He argued only that under state appellate court precedent, the state court was required to remand for resentencing under H.B. 86.  *Williams*, 460 F.3d at 806 ("To fairly present a claim to a state court a petitioner … must present his claim to the state courts as a

federal constitutional issue – not merely as an issue arising under state law." (citation omitted and quotation marks omitted)).

Although Collins presented his Ground Two claim as a due process violation in his motion to vacate, he did not appeal the denial of his motion to vacate. *Thompson*, 598 F.3d at 258; ECF Doc. 10-1 at 173, 179-80. Collins cannot now go back to state court to raise the issue because more than 30 days have elapsed since the trial court's denial of his motion to vacate, and Ohio law does not allow delayed appeal in civil cases. Ohio App. R. 4(A)(1); Ohio App. R. 5(A)(1); *see also State v. Balch*, 2008-Ohio-4416, ¶11 (Ohio Ct. App. Aug. 29, 2008). He also could not raise the claim in a successive postconviction motion because he would need to show he was prevented from learning of the facts underlying the claim – which he cannot do because he raised the same factual claim as a violation of state law on direct appeal. He also cannot make the alternative showing that his claim is based on a new, retroactively applicable state or federal right. Ohio Rev. Code § 2953.23(A)(1). And any attempt to raise the issue in a new postconviction motion would in any event be barred under Ohio's res judicata rule, which precludes consideration of claims that could have been raised on direct appeal if the petitioner was represented by new counsel on direct appeal. *State v. Cole*, 443 N.E.2d 169, 171 (Ohio 1982). Because there are no available means by which Collins can now raise his constitutional challenge to the application of S.B. 2 at sentencing, Collins's Ground Two claim is procedurally defaulted.

Collins cannot overcome his procedural default because he has not attempted to establish cause for his failure to raise his Ground Two claim as a federal claim on direct appeal, despite having the opportunity to do so himself through his pro se brief, or for not appealing the denial of his motion to vacate. *Coleman*, 501 U.S. at 750. And his Ground Two claim does not

establish a basis for actual innocence because it challenges only the sentence imposed, not his guilt. *See Robinson v. Bunting*, No. 5:15 CV 2594 2016 U.S. Dist. LEXIS 16443, at *19-20 (N.D. Ohio Feb. 10, 2016) (concluding that a habeas claim grounded on the failure to merge counts for sentencing did not suggest the petitioner was actually innocent of the underlying crimes for which he was convicted.); *see also Starkey v. Warden, Chillicothe Corr.*, No. 2:16-cv-00252, 2017 U.S. Dist. LEXIS 11564, at *13 (N.D. Ohio Jan. 27, 2017).

### 2. Ground Two Summary

Because Collins failed to fairly present his trial-court-sentencing error claim as a federal constitutional claim on direct appeal, and because he failed to fairly present it at each stage of his postconviction proceedings, I recommend Collins's Ground Two claim be DISMISSED as procedurally defaulted.

### C. Ground Three: Compliance with *Anders*

In his Ground Three claim, Collins argues that appellate counsel and the Ohio Court of Appeals failed to comply with "amended Loc. App. R. 16(C)" and the Sixth and Fourteenth Amendment in a "non-merit *Anders*." ECF Doc. 10 at 8. In his supporting brief, Collins appears to argue that appellate counsel and the Ohio Court of Appeals failed to comply with *Anders* because there were arguable issues of merit, five of which he conveyed to counsel: (1) the trial court failed to hold a hearing under H.B. 180 before classifying him a sexual predator; (2) the trial court failed to engage in an allied offense analysis; (3) the trial court failed to sentence him under H.B. 86; (4) the trial court failed to advise him of the maximum penalties he faced or make findings to support them at sentencing; and (5) the trial court erred by allowing him to argue his motion to withdraw pro se without first informing him of the pros and cons of self-

22

representation, inquiring into his ability to retain counsel, and determine whether counsel should be appointed with respect to the motion to withdraw.  ECF Doc. 1-1 at 3-4.

Warden Foley responds that Collins's Ground Three claim is procedurally defaulted because he failed to fairly present his claim as a federal constitutional claim in the Ohio courts, and because he raised the claim for the first time on appeal to the Ohio Supreme Court.  ECF Doc. 10 at 16-17.  Warden Foley further argues the claim is noncognizable to the extent it alleges a violation of the Ohio Court of Appeals' Local Appellate Rules.  ECF Doc. 10 at 29 n.8.  And Warden Foley argues the claim is otherwise meritless because the record reflected that counsel complied with *Anders*, and Collins has not established that counsel unreasonably determined there were nonfrivolous issues to be raised on appeal.  ECF Doc. 10 at 30-31.

### 1.    Construction

Before addressing Warden Foley's contention that Collins's Ground Three claim is procedurally defaulted and/or lacks merit, I note that Collins raises two distinct claims in Ground Two that will be analyzed separately.  Collins first argues that appellate counsel failed to comply with *Anders*.  The Supreme Court has instructed that such claims are more properly analyzed as stating a claim under *Strickland v. Washington*, 466 U.S. 668 (1984), that appellate counsel was ineffective for not finding arguable issues to appeal.  *See Smith v. Robbins*, 528 U.S. 259, 285 (2000).  Collins's second argument contends that the Ohio Court of Appeals unreasonably determined that there were no arguable assignments of error.

### 2.    Ineffective Assistance of Appellate Counsel

Collins's Ground Three argument that appellate counsel was ineffective for not finding arguable issues to appeal is procedurally defaulted because it was not fairly presented to the Ohio courts.  In his pro se memorandum in support of jurisdiction to the Ohio Supreme Court, Collins

argued that appellate counsel failed to comply with *Anders* by not notifying him of her intent to file an *Anders*, not for failure to identify issues of arguable merit.  ECF Doc. 10 at 146, 151, 156-57.  And he did not raise a claim of ineffective assistance of appellate counsel in his motion to vacate.  ECF Doc. 10-1 at 173-82.  By failing to raise his argument that appellate counsel was ineffective for failing to identify issues of arguable merit in the Ohio courts, it is procedurally defaulted.  *Thompson*, 598 F.3d at 285.

Even if Collins's memorandum in support of jurisdiction could be construed to have raised the full scope of his current Ground Three claim that appellate counsel was ineffective, it would still be procedurally defaulted.  Instructive on this point is the Sixth Circuit's decision in *Goldberg v. Maloney*, which held that a state habeas petitioner procedurally defaulted an ineffective assistance claim even though he had raised it to the Ohio Supreme Court in his discretionary appeal.  692 F.3d 534, 537-38 (6th Cir. 2012).  As *Goldberg* explained, the Ohio Supreme Court held in *Ohio v. Davis*, that a determination by the Ohio Supreme Court on whether to accept jurisdiction is not a decision on the merits and the denial of a discretionary appeal does not exhaust a claim of ineffective assistance of appellate counsel.  *Goldberg*, 692 F.3d at 537 (discussing *Ohio v. Davis*, 119 Ohio St. 3d 422 (Ohio 2008)).  Thus,

> although a defendant may raise the ineffective assistance of counsel issue in both a timely direct appeal and a timely application under Rule 26(B), the Ohio Supreme Court's denial of a discretionary appeal does not exhaust the issue because the court of appeals is nevertheless obliged to address the application on the merits.  In other words, raising a claim for ineffective assistance of appellate counsel in a discretionary appeal to the Ohio Supreme Court, without addressing the claim through [Rule 26(B)], does not satisfy the exhaustion requirement unless the Ohio Supreme Court addresses the issue on the merits.

*Id.* at 538.  Collins did not file an Ohio App. R. 26(B) application seeking to raise an ineffective-assistance-of-appellate-counsel claim; thus, his Ground Three claim was not fairly presented to the state courts.  He cannot do so now because more than 90 days have passed since his direct

24

appeal was journalized and he has not argued that he has good cause to excuse any untimely filing.  Ohio App. R. 26(B)(1).  Thus, the portion of Collins's Ground Three claim alleging ineffective assistance of appellate counsel is procedurally defaulted.  *Liggins v. Wainwright*, No. 3:18-cv-02616, 2021 U.S. Dist. LEXIS 127624, at *14-17 (N.D. Ohio June 3, 2021).

Collins cannot overcome his procedural default because he has not attempted to establish cause for his failure to fairly present his ineffective-assistance-of-appellate-counsel claim at each stage of Ohio's review process.  *Coleman*, 501 U.S. at 750.  And failure to establish cause makes it unnecessary to consider prejudice.  *Ishee*, 486 F.3d at 891.  Nor can Collins overcome his procedural default through the miscarriage-of-justice exception because he has not presented new, reliable evidence of his actual innocence in connection with this claim.

### 3.    Appellate Court Error

Warden Foley reads Collins's Ground Three claim as alleging that "the trial court did not follow the procedures mandated by … *Anders*" and argues it is procedurally defaulted because he did not raise it in the Ohio Court of Appeals.  ECF Doc. 10 at 16.  There are two problems with that procedural default argument.  For one, appellate counsel's *Anders* motion was filed in the Ohio Court of Appeals, not the trial court.  ECF Doc. 10-1 at 80-81.  And it was the Ohio Court of Appeals which addressed it.  ECF Doc. 10-1 at 97, 134-35.  Second, Warden Foley has not cited any authority, and research has revealed none, requiring Collins to exhaust a challenge to the Ohio Court of Appeals' application of *Anders* in the way Warden Foley implies: by raising it first to the Ohio Court of Appeals in an Ohio App. R. 26(A) application for reconsideration or en banc consideration before raising it to the Ohio Supreme Court.

Nevertheless, there are portions of Collins's Ground Three challenge to the Ohio Court of Appeals' application of *Anders* that are procedurally defaulted.  In his memorandum in support

of jurisdiction to the Ohio Supreme Court, Collins argued that the Ohio Court of Appeals'
independent review of his case was inadequate because there were arguable issues of merit,
namely: (1) whether his rape and kidnapping convictions should have merged under Ohio Rev.
Code § 2941.25; and (2) whether he should have been sentenced under H.B. 86. ECF Doc. 10-1
at 146-150, 156-57. In his current petition, Collins's raises additional issues on which he claims
the Ohio Court of Appeals should have found arguable merit: (1) the trial court erred in failing to
hold a hearing pursuant to H.B. 180; (2) his plea was involuntary because he was not told of the
maximum penalties; (3) the trial court did not make the requisite statutory findings before
imposing consecutive sentences; and (4) the trial court erred by allowing hybrid representation.
ECF Doc. 10-1 at 3-4. Because Collins did not argue to the Ohio Supreme Court that these were
issues upon which the Ohio Court of Appeals should have found arguable merit, Collins's
Ground Three claim is procedurally defaulted as to those issues. *Thompson*, 598 F.3d at 285.
He cannot raise these claims now because the Ohio Supreme Court only allows reopening of
death-penalty cases. Ohio S. Ct. Prac. R. 11.06. And he cannot raise the claim in a successive
postconviction motion because, by his own admission, he conveyed them to appellate counsel
before filing his pro se brief on direct appeal and he does not assert that he is relying on a newly
recognized state or federal right. Ohio Rev. Code § 2953.23(A)(1); ECF Doc. 10-1 at 3-4.

Collins cannot overcome his procedural default because he has not attempted to establish
cause for his failure to raise these new arguments challenging the Ohio Court of Appeals' *Anders*
review. *Coleman*, 501 U.S. at 750. His inability to establish cause makes it unnecessary to
consider whether he showed prejudice, and he raises no claim of actual innocence in connection
with this claim. *Matthews*, 486 F.3d at 891.

26

### 4.    Cognizability

Although Warden Foley argues Collins's Ground Three claim is noncognizable to the extent it asserts a violation of the Ohio Court of Appeals' local rules, Warden Foley misreads the scope of Collins's claim.  The Ohio Court of Appeals dismissed Collins's appeal pursuant to *Anders* and "former Loc. App. R. 16(C)."  ECF Doc. 10-1 at 138.  Local Appellate Rule 16(C) currently provides instruction on case citations.  Prior to February 1, 2019, however, it "set forth the procedure governing *Anders* briefs and motions to withdraw."  *State v. Sims*, 2019-Ohio-4975, ¶9 (Ohio Ct. App. Dec. 5, 2019).  Notwithstanding the amendment, the Eighth District Court of Appeals has continued to refer to former Loc. App. R. 16(C) in articulating the court and counsel responsibilities under *Anders*.  *Id.*  Taken in context with the Ohio Court of Appeals' decision, Collins's reference to Loc. App. R. 16(C) in his petition does not assert a failure by the Ohio Court of Appeals to follow state law that is distinct from his federal *Anders* challenge; instead he reiterates his contention that the Ohio Court of Appeals failed to conduct an adequate "independent examination of the record to determine if it discloses an issue of arguable merit prejudicial to the appellant."  Ohio 8th Dist. Loc. R. App. R. 16(C) (2018); *cf. McCoy v. Court of Appeals, Dist. 1*, 486 U.S. 429, 442 (1988) (stating that in ruling on a motion to withdraw under *Anders*, a state appellate court must satisfy itself that (i) counsel diligently and thoroughly searched the record for any arguable claim and (ii) counsel correctly concluded the appeal is frivolous).  Thus, I find no merit to the warden's cognizability argument concerning Collins's Ground Three claim.

5.      **Merits**

         a.      **Standard of Review**

The Ohio Supreme Court did not rule on the merits of the portions of Collins's Ground Three claim that were presented to it.  *See Davis*, 119 Ohio St.3d at 427 ("When this court determines whether or not to accept jurisdiction in a particular case, it is not rendering a decision on the merits.").  Thus, we review the non-defaulted portions of Collins's Ground Three claim *de novo*.  *Henley v. Bell*, 487 F.3d 379, 390 (6th Cir. 2007).

         b.      ***Anders***

In *Anders*, the Supreme Court articulated a procedure by which appointed appellate counsel may seek to withdraw from representation consistent with the requirements of the Fourteenth Amendment if counsel believes the appeal to be wholly frivolous.  *Smith*, 528 U.S. at 269-71.  The procedure endorsed by the Court provides:

> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.  That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.  A copy of counsel's brief should be furnished to the indigent and time allowed him to raise any points that he chooses; the court -- not counsel -- then proceeds, after a full examination of all of the proceedings, to decide whether the case is wholly frivolous.  If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires.  On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent defendant the assistance of counsel to argue the appeal.

*Anders*, 386 U.S. at 744.  Accordingly, a court faced with a request to withdraw must: (1) satisfy itself that counsel has undertaken a "thorough search of the record for any arguable claim that might support the client's appeal"; and (2) independently determine that counsel correctly concluded the appeal is frivolous.  *McCoy*, 486 U.S. at 442.  However, the *Anders* procedure is a

28

"prophylactic one; the States are free to adopt different procedures, so long as those procedures adequately safeguard a defendant's right to appellate counsel." *Smith*, 528 U.S. at 265.

In Ohio, the applicable *Anders* procedures vary by state appellate district. *See Sims*, 2019-Ohio-4975, ¶¶ 12-14. The Ohio Eighth Appellate District, the relevant one for purposes of Collins's petition, adheres to the requirements of *Anders* as interpreted by the Seventh Circuit in *United States v. Wagner*, 103 F.3d 551 (7th Cir. 1996). *Id.* ¶14; *State v. Taylor*, 2015-Ohio-420, ¶¶14-22 (Ohio Ct. App. Feb. 5, 2015); *see also State v. Upkins*, 154 Ohio St. 3d 30, 36 (Ohio 2018) (Fischer, J., dissenting); *State v. Wilson*, 2017-Ohio-5772, ¶22 (Ohio Ct. App. June 23, 2017). Under that approach, provided the *Anders* brief is adequate on its face, the reviewing court will not "conduct an independent top-to-bottom review of the record … to determine whether a more resourceful or ingenious lawyer might have found additional issues that may not be frivolous," but shall instead confine itself to the portions of the record related to the issues discussed in the briefs. *See Wagner*, 103 F.3d at 553.

### c.    Analysis

The Ohio Court of Appeals did not run afoul with *Anders* in its determination, upon independent examination, that Collins's two issues – imposition of separate sentences on his kidnapping and rape convictions and sentencing under H.B. 86 – were not issues of arguable merit. As to the former, Collins's plea agreement provided that his convictions were not allied offenses and would not merge at sentencing. ECF Doc. 10-1 at 240. By doing so, Collins stipulated that the offenses were committed with separate animus, "so he waived the right to appeal the allied offenses issue." *Johnson*, 2018-Ohio-102, ¶11; *see also State v. Black*, 2016-Ohio-383, ¶18 (Ohio Ct. App. Feb. 4, 2014) ("This court has previously held that where the

29

transcript demonstrate that the state and defense counsel agreed that offenses were not allied, the issue of allied offenses is waived.").

As to the issue of what law applied at sentencing, Collins was convicted of three first-degree felony offenses.  ECF Doc. 10-1 at 26.  Those offenses were committed in November 2004.  ECF Doc. 10-1 at 4-15.  At the time, the applicable felony sentencing scheme was S.B. 2, which eliminated indefinite sentences and parole and required post-release control for first-degree felonies.  *Woods v. Telb*, 89 Ohio St. 3d 504, 507-09 (Ohio), *superseded by* Ohio Rev. Code § 2929.191, as noted in *State v. Mozingo*, 2016-Ohio-8292, ¶24 (Ohio Ct. App. Dec. 9, 2016).  Under that framework, a first-degree felony was punishable by definite term of imprisonment (in whole year increments) between three years and ten years.  Ohio Rev. Code § 2929.14(A)(1) (2004).  In 2011, the Ohio legislature enacted H.B. 86, which, among other things, *increased* the penalties for first-degree felonies to between 3- and 11-years' imprisonment.  Ohio Rev. Code § 2929.14(A)(1) (2011); *see also State v. Thomas*, 148 Ohio St. 3d 248, 251 (Ohio 2016).  House Bill 86 made the amendments to § 2929.14(A) applicable to any person to whom it would apply under Ohio Rev. Code § 1.58(B), which provides: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."  Sect. 4, Am. Sub. H.B. 86, 129th Gen. Assembly (Ohio 2011).  Because H.B. 86 *increased* the potential penalty for a first-degree felony, rather than reduce it, the trial court was required to apply the pre-H.B. 86 (S.B. 2) version of § 2929.14(A)(1).  *State v. Damon Towns*, 2015-Ohio-4374, ¶ 11 (Ohio Ct. App. Oct. 22, 2015); *State v. Evers*, 2012-Ohio-5942, ¶ 6 (Ohio Ct. App. Dec. 17, 2012).  Thus, the Ohio Court of Appeals did not run afoul with

*Anders* when it concluded that Collins's proposed allied-offense and H.B. 86 assignments of error lacked arguable merit, and his appeal was wholly frivolous.

A state prisoner's claims for habeas corpus relief are governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA").  Under AEDPA, habeas relief is available only when the state court's decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Here, Collins has not shown that the rulings of the Ohio Court of Appeals on the non-defaulted portions of his Ground Three claim were contrary to or an unreasonable application of *Anders*.  And he has not shown that the Ohio Court of Appeals made an unreasonable determination of facts on light of the evidence available to it.  As a result, the non-defaulted portion of the claim fails on the merits.

### 6.    Ground Three Summary

Because Collins failed to fairly present his argument that appellate counsel was ineffective and two of the issues upon which he argues the Ohio Court of Appeals should have found arguable merit, I recommend that his Ground Three Claim be DISMISSED IN PART as procedurally defaulted.  I recommend the remainder of his Ground Three claim be DISMISSED IN PART of lack of merit.

### D.    Ground Four: Motion to Withdraw and Ineffective Assistance of Trial Counsel

In his Ground Four claim, Collins argues that the trial court erred and abused its discretion by denying his presentence motion to withdraw his guilty plea, in violation of the

Fourteenth Amendment and Section 10, Article I of the Ohio Constitution.  ECF Doc. 1 at 10.  In his supplemental memorandum, he adds to his Ground Four claim an argument that trial counsel was constitutionally ineffective in advising him to plead guilty by not discussing allied offenses, sexual predator classification under H.B. 180, and sentencing under H.B. 86 and did not disclose discovery to him.  ECF Doc. 1-1 at 4-6.  Collins concedes that he did not raise his Ground Four claim on direct appeal because: (1) the trial court told him that he had no right to appeal the denial of his motion to withdraw his plea; (2) the court did not serve him with a copy of the journal entry which denied the motion; and (3) by the time that he learned of the journal entry, the time to appeal to the Ohio Supreme Court had expired.  ECF Doc. 1 at 10.  And he concedes he did not raise the issue in his postconviction motion to vacate.  *Id.*

Warden Foley responds that Collins's Ground Four claim is procedurally defaulted because he failed to fairly present it to the Ohio courts by including it in his appeal to the Ohio Supreme Court or in his motion to vacate.  ECF Doc. 10 at 17-20.  Warden Foley further argues that Collins's abuse-of-discretion argument is not cognizable on federal habeas review because there is no constitutional right to withdraw a guilty plea.  ECF Doc. 10 at 23-25.  Alternatively, Warden Foley argues that Collins's Ground Four claim is meritless because the record clearly establishes that his plea was knowing and voluntary, and any alleged error that occurred during his plea colloquy was harmless.  ECF Doc. 10 at 31-35.

### 1.    Procedural Default

I agree with Warden Foley that Collins's Ground Four Claim is procedurally defaulted because it was not fairly presented to the Ohio courts.  As he has conceded, Collins did not raise his abuse-of-discretion and ineffective-assistance-of-trial-counsel claims on direct appeal or in his state postconviction motion.  ECF Doc. 1 at 10-11; *see* ECF Doc. 10-1 at 98-110, 145-58,

173-81.  In order to raise the issue in a successive state postconviction motion, Collins would need to show that he was prevented from discovering the facts underlying his claim for relief or that his claim relies on a newly recognized state or federal right that applies retroactively to cases on collateral review.  Ohio Rev. Code § 2953.23(A)(1).  It is quite clear that Collins cannot meet this burden because he personally litigated the withdrawal-of-plea issue and he alleged that trial counsel was ineffective at his sentencing hearing.  ECF Doc. 10-1 at 254-59, 266-70.  In other words, Collins was aware of the factual predicate underlying his Ground Four claims as early as sentencing.  In addition, he has not asserted that that he is relying on a newly recognized state or federal right.  *See* ECF Doc. 1 at 10; ECF Doc. 1-1 at 4-6.

Moreover, Ohio's res judicata rule precludes a defendant in a criminal case from raising claims in a postconviction petition – including claims of ineffective assistance of counsel – when those claims are based on information within the trial record, such that they could have been raised on direct appeal when the petitioner was represented by new counsel.  *State v. Cole*, 443 N.E.2d 169, 171 (Ohio 1982); *see* ECF Doc. 10-1 at 213-18, 220.  Because Collins's Ground Four claim relies on matters that he raised on the record before the trial court at sentencing and because he was represented by new counsel on appeal, Ohio's res judicata rule would preclude a postconviction petition from raising the Ground Four claims at this time.  *Compare* ECF Doc. 1 at 10, *and* ECF Doc. 1-1 at 4-6, *with* ECF Doc. 10-1 at 22-23, 254-59. 266-70.

Although Collins attempted to raise his Ground Four claim in a motion for a delayed appeal to the Ohio Court of Appeals, the motion was denied on August 28, 2019.  ECF Doc. 10-1 at 28-32, 221.  Collins can no longer petition the Ohio Supreme Court for review of that decision because the 45-day period within which to appeal has long-since expired.  Ohio S. Ct. Prac. R. 6.01(A)(1).  And the Ohio Supreme Court does not allow untimely appeals from adverse

33

postconviction petition rulings. Ohio S. Ct. Prac. R. 3.02(B). Collins also could not exhaust his Ground Four claim by attempting to reopen his direct appeal. Ohio law allows a defendant in a criminal case to apply to reopen his appeal based on ineffective assistance of appellate counsel within 90 days of the appellate judgment or a longer period if good cause is shown. Ohio App. R. 26(B)(1). Well over 90 days have passed since the April 25, 2019 judgment in Collins's direct appeal. ECF Doc. 10-1 at 219. Collins also cannot establish good cause to reopen so that he can raise the issue, because he could have raised his Ground Four claim in his pro se brief in response to appellate counsel's *Anders* brief. And because he could have done so, he will be unable so show prejudice resulting from his appellate attorney's failure to raise that claim. *See Strickland*, 466 U.S. at 694. Because there is no available procedure by which Collins could now raise his Ground Four claim in state court, the claim is procedurally defaulted.

Collins also cannot overcome his procedural default. Collins attempts to show case by first faulting the trial court, claiming the trial judge told him he did not have a right to appeal from the denial of his motion to withdraw his guilty plea, and by the time he learned that he could, he did not have the journal entry denying the motion because the trial court didn't furnish him a copy. ECF Doc. 1 at 10. The trial court did not misinform him. The court informed him at sentencing: "you do not have a right to a mandatory appeal by way of our plea. You do have the right to file an appeal and you must do so within 30 days of the journalization of this following sentencing entry." ECF Doc. 10-1 at 292. The court clearly conveyed to Collins that an appeal was not automatic; he had to file an appeal within 30 days to obtain review. Ohio App. R. 3(A), 4(A)(1).

Even if it is true that Collins did not obtain the journal entry denying his motion to withdraw his guilty plea in time for his direct appeal, he knew the trial court had denied the

34

motion at the sentencing hearing by way of the court's finding that the motion lacked a rationale and legitimate basis and that the plea colloquy complied with the requirements of the Ohio Constitution and Ohio Crim. R. 11.  ECF Doc. 10-1 at 280-81, 283.  The failure to include a journal entry appealed from – as required by Ohio App. R. 3(D) – is not a jurisdictional defect. *In re. A.C.*, 160 Ohio App. 3d 457, 465 (Ohio Ct. App. Apr. 14, 2005).  Collins could have appealed without that document.  And it would have been in the discretion of the Ohio Court of Appeals to allow or disallow as an assignment of error a challenge to the trial court's denial of his pre-sentence motion to withdraw his guilty plea.  *Id.*; *see also* Ohio App. R. 3(A) (requiring only that an appeal be timely for it to be perfected and making any other defect grounds for sanction, including dismissal of the appeal); *State v. Simmons*, 2006-Ohio-5760, ¶¶8-9 (Ohio Ct. App. Nov. 3, 2006) (holding that a criminal defendant's failure to designate the judgment entry denying his motion to withdraw his guilty pleas was not a jurisdictional defect because it sufficiently apprised the state of the issues he was appealing).

Moreover, Collins's lack of access to the July 19, 2018 journal entry denying his motion to withdraw does not establish cause for his failure to appeal the denial of his motion for a delayed appeal, in which he raised his Ground Four argument of trial court error, to the Ohio Supreme Court.  ECF Doc. 10-1 at 29-32, 61.  In his motion to stay this petition, Collins argued that he did not do so because he was unaware of the Ohio Court of Appeals' August 28, 2019 order denying it because it was not entered on the docket.  ECF Doc. 11 at 1.  However, a review of the docket indicates that the order denying his motion for delayed appeal was entered on the docket the same day it was issued.  ECF Doc. 10-1 at 221; *see* Docket for Ohio Ct. App. Case No. 19-108918.  And to the extent Collins faults his appellate counsel for not raising the issue on direct appeal or taking further action to preserve his Ground Four claim, any claim of ineffective

assistance of appellate counsel would itself be procedurally defaulted, as discussed in regard to his Ground Three claim.  *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

Collins's inability to establish cause makes it unnecessary to consider whether he suffered prejudice.  *Matthews*, 486 F.3d at 891.  Collins also cannot overcome his procedural default through the actual-innocence exception.  In his Ground Four claim, Collins asserts counsel withheld evidence of the police report's description of the assailant, Hammond's identification of a suspect named Terrance Smith, and that the condom found at the scene was from a vacated residence, depriving him of a voluntary plea.  ECF Doc. 10-1 at 6.  But as discussed in connection with his Ground One claim, this is not evidence in light of which no juror could have convicted him.

### 2.    Ground Four Summary

Because Collins did not fairly present to the Ohio courts his claim that trial counsel was ineffective for advising him to plead guilty and that the trial court erred in denying his motion to withdraw, I recommend that Collins's Ground Four claim be DISMISSED as procedurally defaulted.

## III.    Certificate of Appealability

### A.    Legal Standard

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant."  Rule 11(a), 28 U.S.C. foll. § 2254.  The rule tracks the requirement of § 2253(c)(3) that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253 (c)(2)," Rule 11(a).  In light of the Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, a recommendation regarding the COA issue is included here.

Under 28 U.S.C. § 2253(c)(1)(A), this court will grant a COA for an issue raised in a §2254 habeas petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right.  *Cunningham v. Shoop*, 817 F. App'x 223, 224 (6th Cir. 2020).  A petitioner satisfies this standard by demonstrating that reasonable jurists "could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quotation marks omitted); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a claim is denied on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

## B.     Analysis

If the Court accepts my recommendations, Collins will not be able to show that the Court's rulings on his claims are debatable among jurists of reason.  Collins's Ground One claim is procedurally defaulted and noncognizable.  His Ground Two claim is procedurally defaulted. His Ground Three claim is procedurally defaulted in part and meritless.  And his Ground Four claim is procedurally defaulted.  Because jurists of reason would not find debatable that relief is not available for any of the claims raised in Collins's petition, I recommend that no certificate of appealability issue in this case.

## IV.    Recommendation

Because Collins's claims are procedurally defaulted, noncognizable, and/or lack merit, I recommend that Collins's claims be DISMISSED and that his petition for writ of habeas corpus be DENIED.  I further recommend that Collins not be granted a COA.

Dated: December 29, 2021

*Thomas M. Parker*
United States Magistrate Judge

_____

### Objections, Review, and Appeal

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge.  Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C. § 636(b)(1); Local Rule 72.3(b).  Properly asserted objections shall be reviewed *de novo* by the assigned district judge.

* * *

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, *6 (W.D. Ky. June 15, 2018) (quoting *Howard*).  The failure to assert specific objections may in rare cases be excused in the interest of justice.  *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).